# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pamela Cloud, on behalf of herself and all other similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>Real Time Group, Inc.,<br><br>        Defendant. | Case No. 12-CV-1470 JAH (BLM)<br><br>**ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER**<br><br>[ECF No. 12] |

    Plaintiff Pamela Cloud ("Plaintiff") and Defendant Real Time Group, Inc. ("Defendant") ("a party" and collectively "the parties"), having stipulated that a Protective Order should be entered pursuant to Federal Rule of Civil Procedure 26(c) to maintain the confidentiality of certain information and materials to be exchanged between the parties, and it appearing to the Court that such an Order is necessary and appropriate and that it will facilitate discovery;

    IT IS HEREBY ORDERED that:

    1.  Both formal and informal discovery in this action may involve production of documents by a party or a non-party (the "Producing Party") concerning trade secrets, or other confidential information. This Protective Order shall govern the pretrial designation, use and handling of documents, deposition testimony and related information (collectively, the "Material") that are, or embody or disclose any information, designated hereunder as "Confidential", and shall apply to:


   a. All such documents so designated in accordance with this Protective Order and all information contained therein;

   b. Portions of deposition testimony and transcripts and exhibits thereto which include, refer to, or relate to any Confidential Material;

   c. All information, copies, extracts and complete or partial summaries prepared or derived from Confidential Material, and

   d. Portions of briefs, memoranda or any writing filed with or otherwise supplied to the Court, which include or refer to any such Confidential Material.

  2. The provisions of this Protective Order shall apply to Plaintiff and Defendant and any non-party who agrees in writing to bound by the terms of this Protective Order.

  3. "Confidential Material" shall be used only for this case and disclosed only to "Qualified Persons".  Qualified Persons are limited to:

   a. Counsel of Record for the parties, and the parties or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

   b. Witnesses at any deposition or other proceeding in this action;

   c. Non-technical and clerical staff employed by Counsel of Record and involved in the preparation and trial of this action;

   d. Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of the Producing Party;

   e. The Court and the Court's staff;

   f. Professional vendors to whom disclosure is reasonably necessary for this litigation.  For the purpose of this Protective Order, professional vendors is defined as persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors;


      g.    Witnesses interviewed by a party's representatives or Counsel, when such disclosure is reasonably necessary for the purpose of factual investigation, discovery, or trial preparation, and who have signed the "Non-Disclosure Certificate and Agreement to Be Bound" (Exhibit A to this Protective Order);

      h.    The author of the document or the original source of the information; and

      i.    Any other person as to whom both parties in writing agree.

4.    Before any Qualified Person, except those defined in Paragraph 3.e, may obtain Confidential Materials, such persons shall execute the Non-Disclosure Certificate in the form contained in Exhibit A, attached hereto.  Counsel for the parties will retain the Non-Disclosure Certificate and will keep a list of all persons who have received Confidential Materials for inspection by the Court and, upon order of the Court, or from counsel for any requesting party.

5.    If any party disagrees with the designation by a Producing Party of a document or other information as Confidential ("Objecting Party"), the Producing Party may bring a motion before the Court requesting that the Court find that the document or other information is, in fact, Confidential.

      a.  The Objecting Party shall notify the Producing Party in writing of the objection to the Producing Party's designation of a document or other information as Confidential.  The Producing Party must set forth in writing its reasons why it believes the Confidential designation is proper.  Within 10 business days from the date of any such objection, the interested parties or other persons shall attempt in good faith to resolve such disagreements.  If no agreement is reached, the Producing Party may file a motion requesting the Court to determine whether the designation is proper within 30 days of the interested parties or persons having met and conferred regarding the objection.

      b.  If a motion affirming the confidentiality designation is brought, the party or person asserting that a document or other information is Confidential shall bear the burden of demonstrating that the Confidential designation is warranted.

      c.  The documents / information at issue in the motion shall be treated as "Confidential" under the terms of this Protective Order while the motion is pending before the Court.

6.    This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or

1  whether its use should be restricted or (ii) to present a motion to the Court pursuant to Federal Rule
2  of Civil Procedure 26(c) for a separate protective order as to any particular document or information,
3  including restrictions differing from those as specified herein.  This Order shall not be deemed to
4  prejudice the parties in any way in any future application for modification of this Order.
5        7.  To the extent that Confidential Material or information obtained therefrom are used in any
6  deposition testimony, deposition exhibit, interrogatory, answer thereto, exhibit or attachment to any
7  interrogatory or answer, request for production, answer to request for production, documents and/or
8  exhibits accompanying a document request or answer, request for admission or response thereto,
9  motion, memorandum, affidavit, brief or any other submission by any party filed with the Court that
10 includes incorporates or quotes "subject to a non-sharing protective order" or its substantial
11 equivalent, such documents and information shall remain subject to the provisions of this Order.
12       8.  Any court reporter or transcriber who reports or transcribes testimony in this action shall
13 agree that all Confidential Material shall remain "confidential" and shall not be disclosed by them,
14 except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony
15 (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.
16       9.  This Order is entered solely for the purpose of facilitating the exchange of documents and
17 information between the parties to this action without involving the Court unnecessarily in the
18 process. Nothing in this Order, nor the production of any information or document under the terms
19 of this Order, nor any proceedings pursuant to this Order shall be deemed to have the effect of an
20 admission or waiver by either party or of altering the confidentiality or non-confidentiality of any
21 such document or information or altering any existing obligation of any party or the absence thereof.
22       10.  Each document that is filed with the Court (pursuant to Paragraph 11) that contains any
23 portion of any Confidential Material or information taken from any Confidential Material and which
24 otherwise meets the "compelling reasons" standard set forth in *Pintos v. Pacific Creditors Assoc.*,
25 565 F.3d 1106, 1115 (9th Cir. 2009) (citing *Kamakana v. City & County of Honolulu*, 447 F.3d
26 1172, 1178 (9th Cir. 2006)) shall be filed in a sealed envelope or other appropriate sealed container
27 in which shall be endorsed the title to the action to which it pertains, an indication of the nature of
28

the representative contents of such sealed envelope or other container, the word, "CONFIDENTIAL - SUBJECT TO COURT ORDER", and a statement substantially in the following form:

> This envelope is sealed and contains confidential information filed in this case by_____, and is not to be opened or the contents thereof displayed or revealed except by Order of the Court or pursuant to written stipulation of the parties to this action. This envelope or container shall not be opened without Order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

11. All documents, including deposition transcripts, containing Confidential Information shall be labeled "CONFIDENTIAL-SUBJECT TO COURT ORDER" and the party seeking to use the confidential material shall move to have it filed under seal. However, no document may be filed under seal without explicit Court authorization. In that respect, a party must file a "public" version of any document that it seeks to file under seal. In the public version, the party may redact only that information that is deemed "Confidential" or "Confidential - Attorneys Only." The party should file the redacted document(s) simultaneously with a joint motion or ex parte application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request. A party should submit the unredacted document(s) directly to chambers.

12. This Order does not preclude, limit, restrict or otherwise apply to the use of Confidential Material at trial. Prior to trial, upon application by any party, the Court may establish procedures for the use at trial of Confidential Material.

13. If Confidential Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately, upon learning of such disclosure, inform the Producing Party of all pertinent facts relating to the disclosure and make every reasonable effort to retrieve the Confidential Material and to prevent any disclosure by each unauthorized person. In no event shall good faith or inadvertent disclosure of Confidential Material by a receiving party or counsel be the basis for any motion or any other form of relief or of any other action, so long as the receiving party makes every reasonable effort to retrieve the Confidential Material. Nothing contained in this Order shall limit in any respect the Producing Party's rights and/or claims against any unauthorized person who fails to return Confidential Material.

14. If any person or entity possessing Confidential Material is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand requests the production of Confidential Material, the person receiving the subpoena or document demand shall give prompt written notice to counsel for the Producing Party, and shall, to the extent permitted by law, court rule, and court order: (1) withhold production of the requested Confidential Material until the Producing Party permits production, or until a court of competent jurisdiction orders otherwise and (2) seek to enable the Producing Party to move to quash or limit the subpoena or document demand.

15. Inadvertent production of privileged information shall not constitute a waiver of any applicable privilege. Upon written notice by the Producing Party that privileged information was inadvertently produced, all parties shall destroy or return all copies of the information to the Producing Party within 10 days of such notice.

16. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties, or as ordered by the Court. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby. Any person may move the Court for a modification of or relief from the terms of this Order at any time upon notice to all parties. The Court may modify or grant relief from the terms of this Order upon request of any person if the circumstances so warrant.

17. Within 60 days after the final disposition of the above-captioned proceeding and all appeals therefrom, whether by judgment, settlement, or otherwise, all Confidential Material, and all copies thereof, shall be returned to the Producing Party.

18. This Protective Order shall survive the termination of this litigation and the Court shall retain jurisdiction for one year after termination.

/ / /

/ / /

/ / /

/ / /

/ / /

19. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**IT IS SO ORDERED:**

Dated: November 26, 2012

Barbara L. Major
United States Magistrate Judge

**Exhibit A**

**NON-DISCLOSURE CERTIFICATE
AND AGREEMENT TO BE BOUND**

I, _____, declare that:

My address is _____; my present occupation is _____; and I am currently employed by _____ _____. I have been retained by _____ with respect to this litigation.

I have received a copy of the Protective Order in this action, and I have carefully read and understand its provisions. I acknowledge that I am one of the "Qualified Persons" contemplated in Paragraph 3 thereof as being able to be given access to Confidential Material.

I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this lawsuit any Confidential Material that I receive in this action, except to the extent that such Confidential Material is or becomes public domain information or otherwise is not deemed Confidential Material in accordance with the Protective Order.

I agree to subject myself personally to the jurisdiction of the United States District Court for the Southern District of California for the purpose of proceedings relating to my performance under, in compliance with, or violation of this Protective Order.

I understand that disclosure of Confidential Material in violation of this Protective Order may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____   _____
                              Print Name: